IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| TROY D. AUVIL, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>LIBERTY LIFE ASSURANCE )<br>COMPANY OF BOSTON, )<br>)<br>        Defendant. )<br>_____ ) | C.A. No.:  3:17-cv-03881 |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Liberty Life Assurance Company of Boston ("Liberty Life"), hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1441, and states the following grounds for removal:

1. Plaintiff instituted this action on or about July 26, 2017, in the Circuit Court of Putnam County, West Virginia, Civil Action Number 17-C-159 (hereinafter referred to as the "State Action").

2. Plaintiff served Liberty Life with a copy of the Summons and Complaint via the Office of the Secretary of State on July 26, 2017. A true and correct copy of the Complaint served upon Liberty Life is attached as Exhibit A.

3. This Notice of Removal is being filed within thirty (30) days of receipt by Liberty Life of the Summons and Complaint, in accordance with 28 U.S.C. § 1446(b).

4. Liberty Life has not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the State Court.

5. Pursuant to the allegations in the Complaint, Plaintiff is a citizen and resident of West Virginia. Defendant is incorporated in the State of New Hampshire and has its

principal place of business in the State of Massachusetts. As a result, there is complete diversity of citizenship between Plaintiff and Defendant in this action.

6. It reasonably appears that the value of the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. The Complaint contains a cause of action pursuant to 29 U.S.C. § 1132(a)(1)(B). This claim is based on Liberty Life's alleged failure to pay short-term and long-term disability benefits to Plaintiff under Plaintiff's employer's short-term disability plan and a Group Disability Income Policy ("the Policy") issued by Liberty Life to Plaintiff's employer. Although there is no specific monetary demand in the Complaint, Plaintiff seeks damages consisting of benefits allegedly due under the Policy, as well as prejudgment interest and attorney's fees. Accordingly, in light of the benefits at issue, as well as the claims for prejudgment interest and attorney's fees, the sum of potential damages plausibly and reasonably exceeds $75,000.00 if Plaintiff were to prevail on all his claims. Furthermore, Plaintiff failed to plead that his damages are less than $75,000.00. Accordingly, based upon the nature of the claims and prayer for relief in the Complaint, Plaintiff's allegations are adequate to establish an amount in controversy that plausibly and reasonably exceeds $75,000.00.

7. Accordingly, removal is proper pursuant to 28 U.S.C. § 1441(a) and (b) because this Court has original jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy reasonably appears to exceed $75,000.00.

8. Removal also is proper pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction of this action under 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States – specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.

9. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce.  29 U.S.C. § 1003.  An "employee benefit plan" is defined as a "welfare benefit plan" or a "pension benefit plan."  29 U.S.C. §1002(3).  A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, **through the purchase of insurance** or otherwise . . . benefits in the event of sickness, accident, **disability**, death or unemployment."  29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

10. Plaintiff alleges that he was an employee of Sheetz, Inc. ("Sheetz") and a participant in the Sheetz short-term and long-term disability plans ("Plans") for employees of Sheetz.  (Compl. ¶¶ 2-3.)

11. The short-term disability plan from which Plaintiff seeks benefits is administered by Liberty Life under an Administrative Services Only Agreement ("the Agreement").  True and accurate excerpts of the Agreement are attached as Exhibit B.  Liberty Life is the claims administrator for the short-term disability plan pursuant to this Agreement.

12. The Agreement demonstrates that (1) the Plan was established and is maintained by Sheetz (Ex. B at Bates Page No. ("BPN") 000001 (identifying Sheetz as "Plan Sponsor")), (2) the Plan provides certain group disability benefits to eligible employees of Sheetz and related entities (*id.*, BPN 000004-8 (setting out eligibility requirements), (3) benefits under the Plan are self-funded by Sheetz, (*id.*, BPN 000002), and (4) Sheetz has the authority to unilaterally terminate the Plan, without consultation with participants, at any time.  (*Id.*, BPN 000009).  The Agreement also provides the procedures for submitting a claim for benefits to

Sheetz. (*Id.*, 000010). The Agreement also states that it is a "welfare benefit plan" and expressly states that it is "governed by [ERISA]," demonstrating a clear intent to create an ERISA plan. (*Id.*, 00002-3). These factors establish that the Plan is part of an employee welfare benefit plan as defined by ERISA. *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 417 (4th Cir. 1993) ("[t]he existence of a plan may be determined from the surrounding circumstances to the extent that a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits") (citation omitted).

13. Accordingly, Plaintiff's claims for short-term disability benefits arise under an ERISA plan and are, thus, subject to ERISA and that, accordingly, this matter is removable to this Court under the Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a). *Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005) ("The doctrine of complete preemption thus prevents plaintiffs from defeating removal by omitting to plead necessary federal questions.") (citation omitted).

14. The long-term disability plan from which Plaintiff seeks benefits is funded by a group disability income policy issued to Sheetz. (Ex. C at BPN 000011.)

15. The Policy demonstrates that: (a) Sheetz established the LTD Plan through the purchase of the Policy to provide disability benefits (*id.* at BPN 00011) (identifying Sheetz as sponsor), (b) Sheetz maintains the Plan in that it has the authority to unilaterally terminate the Policy with thirty-one days' written notice solely to Liberty Life (*id.* at BPN 000049), (c) the Policy is the source of benefits (*id.* at BPN 00011) (stating "Liberty Life Assurance Company of Boston … agrees to pay benefits provided by this policy in accordance with its provisions"), (d) the Policy provides benefits only to Sheetz employees (*id.* at BPN 00013), and (e) employees pay no contributions for coverage (*id.* at BPN 000014). The Policy also provides the procedures

for submission of a claim. (*Id*. at BPN 000052.) This information is sufficient to demonstrate the existence of an employee welfare benefits plan as defined by ERISA. *Custer,* 12 F.3d at 417 (for ERISA to apply to a benefit scheme, "there must be (1) a plan, fund, or program, (2) established or maintained (3) by an employer, employee organization, or both, (4) for the purpose of providing a benefit, (5) to employees or their beneficiaries").

16. Sheetz does not qualify for the "governmental plan exception" of ERISA. 29 U.S.C. §§ 1003(b)(1) and 1002(32).

17. Accordingly, this matter is removable to this Court under the Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).

18. Liberty Life submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

19. The State Court from which this action was removed and in which this action was commenced is within this Court's district and division.

20. This Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. § 1446(d).

21. By copy of this document and in accordance with the Certificate of Service, Defendant is providing notice to all Parties in this action of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Liberty Life gives notice that the referenced action pending in the Circuit Court of Putnam County, West Virginia, Civil Action Number 17-C-159, has been removed to this Court.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted,

s/ *Paul M. Stroebel*
Paul M. Stroebel (WV Bar No. 5758)
STROEBEL & JOHNSON, PLLC
405 Capitol Street, Mezzanine – Suite One
Charleston, West Virginia 25320
Telephone: (304) 346-0197
Facsimile: (304) 346-6029
Email: paulstroeb@aol.com


John W. Sulau (*Pro Hac Vice* Pending)
JACKSON LEWIS P.C.
15 South Main St., Suite 700
Greenville, South Carolina 29601
Telephone: (864) 232-7000
Facsimile: (864) 235-1381
Email: john.sulau@jacksonlewis.com

*ATTORNEYS FOR DEFENDANT*

This 25th day of August, 2017.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| TROY D. AUVIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.: 3:17-cv-03881 |
| | ) |
| LIBERTY LIFE ASSURANCE | ) |
| COMPANY OF BOSTON, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing **DEFENDANT'S NOTICE OF REMOVAL** was served this day on counsel for Plaintiff via United States Mail, postage prepaid and addressed to:

John J. Polak, Esq.
ATKINSON & POLAK, PLLC
BB&T Square, Suite 1300
300 Summers Street
Charleston, WV 25322

s/ *Paul M. Stroebel*
Paul M. Stroebel (WV Bar No. 5758)
STROEBEL & JOHNSON, PLLC
405 Capitol Street, Mezzanine – Suite One
Charleston, West Virginia 25320
Telephone: (304) 346-0197
Facsimile: (304) 346-6029
Email: paulstroeb@aol.com

This 25th day of August, 2017.